Filed 12/19/13  Ordonez v. WSA Security CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GIANNY ORDONEZ, | B244075 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC454922) |
| v. | |
| WSA SECURITY, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

Law Offices of Ramin R. Younessi, Ramin R. Younessi and Kaveh S. Elihu for Plaintiff and Appellant.

Loeb & Loeb, Mark D. Campbell and Erin M. Smith for Defendant and Respondent.

_____

An employee and her employer agreed to resolve all employment-related disputes through binding arbitration. Notwithstanding that agreement, the employee filed this action against her former employer, alleging statutory causes of action under the Fair Employment and Housing Act (FEHA) (Gov. Code, §§ 12900–12996) and related common law causes of action. The employer filed a petition to compel arbitration. In response, plaintiff filed a statement of non-opposition. The trial court granted the petition.

In the arbitration, the employer demurred to plaintiff's claims on the ground they were time-barred. The arbitrator issued an order sustaining the demurrer. The employee filed a motion in the trial court, seeking to vacate the arbitrator's decision. The trial court denied the motion. The employee appealed.

Because plaintiff's causes of action involved unwaivable statutory rights, and the arbitrator's order sustaining the employer's demurrer precluded the employee from having her causes of action heard on the merits, we review the arbitrator's decision for legal error. (See *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 679–680 (*Pearson Dental Supplies*).) Applying that standard, we conclude the arbitrator made the correct decision: Plaintiff's causes of action were time-barred.

## I

## BACKGROUND

The allegations and facts in this appeal are taken from the complaint and the declarations and exhibits submitted with respect to the motion to vacate the arbitrator's decision.

On or about May 1, 2007, plaintiff Gianny Ordonez was hired as a security guard by defendant WSA Security, Inc. From the beginning of plaintiff's employment through January 8, 2009, plaintiff's supervisor allegedly harassed her. On or about January 9, 2009, plaintiff's physician recommended that plaintiff take a disability leave of absence until on or about February 12, 2009. A doctor's note to that effect was faxed to defendant.

2

On or about February 12, 2009, plaintiff visited her physician, who recommended that plaintiff remain on a disability leave until February 19, 2009. A doctor's note was allegedly faxed to defendant. Plaintiff returned to work on or about February 19, 2009, and was informed that she had been discharged because she did not return to work on February 12, 2009. Defendant claimed it did not receive the second doctor's note, which extended plaintiff's leave of absence until February 19, 2009. Plaintiff contends that defendant received the second doctor's note but claimed not to have received it as a pretext to terminate her employment because of her disability.

On February 13, 2010, plaintiff filed a charge of discrimination with the Department of Fair Employment and Housing (DFEH). On the same day, she received from the DFEH a "Notice of Case Closure and Right-to-Sue Letter." On February 14, 2011, plaintiff filed this action against defendant, alleging five causes of action: (1) disability discrimination in violation of the FEHA, (2) failure to provide reasonable accommodation in violation of the FEHA, (3) retaliation in violation of the FEHA, (4) wrongful termination of employment in violation of public policy, and (5) breach of the covenant of good faith and fair dealing.

When plaintiff commenced employment with defendant, she signed a document entitled, "Arbitration Agreement" (Agreement). The Agreement provided in part: "WSA Group, Inc. (the 'Company') has an alternative dispute resolution policy that provides for mandatory arbitration of all disputes between employees and the Company. Therefore, the Company and Employee agree that all such disputes will be submitted to final and binding arbitration in accordance with the National Rules for the Resolution of Employment Disputes then in effect of the American Arbitration Association ('AAA'). . . . The selected arbitrator shall be a neutral, licensed arbitrator experienced in Labor and Employment Law. . . . [¶] . . . Under this policy, the Company and Employee waive any rights to have . . . claims and/or disputes heard or adjudicated in any other forum, including the right to trial in a court of law. [¶] . . . [¶] A claim under this arbitration policy must be *filed within the time limit established by the applicable statute of limitations or will be barred*." (Italics added.)

On April 5, 2011, defendant filed a petition in the trial court, seeking an order compelling arbitration of plaintiff's claims. On April 22, 2011, plaintiff's counsel filed a declaration, stating, "Plaintiff does not presently oppose arbitration pursuant to the [Agreement]." On May 17, 2011, the trial court, by written order, granted the petition, dismissed the case, and "retain[ed] jurisdiction . . . ."

Under the AAA rules incorporated by reference into the Agreement, an arbitration may be initiated in one of two ways. First, the parties may file a joint request for arbitration. Second, in the absence of a joint request, one of the parties may make a unilateral demand for arbitration. To make a unilateral demand, the party initiating arbitration must "[f]ile a written notice (hereinafter 'Demand') of its intention to arbitrate at any office of the AAA *within the time limit established by the applicable statute of limitations.* Any dispute over the timeliness of the demand *shall be referred to the arbitrator*." (AAA, Employment Arbitration Rules and Mediation Procedures (Nov. 1, 2009) rule 4.b.(i)(1) <http://www.adr.org/aaa/faces/ rules/searchrules> [as of December 19, 2013], italics added.)

Plaintiff filed a demand for arbitration with the AAA on August 11, 2011. In the arbitration, defendant filed a demurrer to plaintiff's claims, contending they were barred by the applicable statutes of limitation. By order dated March 5, 2012, the arbitrator sustained the demurrer.

On June 18, 2012, plaintiff filed a motion in the trial court, seeking to vacate the arbitrator's decision on the ground that the arbitrator had exceeded his powers. (See Code Civ. Proc., § 1286.2, subd. (a)(4).)[1] On July 3, 2012, defendant filed opposition to plaintiff's motion. Plaintiff filed a reply. The motion was heard on July 20, 2012. By order dated August 3, 2012, the trial court denied plaintiff's motion. This appeal followed.

---

[1] Undesignated section references are to the Code of Civil Procedure.

4

# II

## DISCUSSION

This appeal requires that we first determine the standard of review applicable to an arbitrator's decision when the arbitrator finds that causes of action based on unwaivable statutory rights are time-barred. We conclude that such a decision should be reviewed for legal error. Next, we apply that standard of review to the arbitrator's decision in this case and conclude the arbitrator properly found that plaintiff's causes of action are barred by the applicable statutes of limitations.

### A.    Standard of Review

"[A]n arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 6.) As provided by statute, an arbitrator's award may be vacated if the arbitrator has exceeded his powers. (See § 1286.2, subd. (a)(4).) "[A]n arbitrator exceeds his powers by acting without subject matter jurisdiction, deciding an issue that was not submitted to arbitration, arbitrarily remaking the contract, upholding an illegal contract, issuing an award that violates a well-defined public policy or a statutory right, fashioning a remedy that is not rationally related to the contract, or selecting a remedy not authorized by law." (*Gravillis v. Coldwell Banker Residential Brokerage Co*. (2010) 182 Cal.App.4th 503, 511.)

In *Pearson Dental Supplies*, *supra*, 48 Cal.4th 665, the Supreme Court addressed "the proper standard of judicial review of arbitration awards arising from mandatory arbitration employment agreements that arbitrate claims asserting the employee's unwaivable statutory rights." (*Id.* at p. 679.) The court concluded: "[W]hen . . . an employee subject to a mandatory employment arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other unwaivable statutory rights, because of an arbitration award based on legal error, the trial court does not err in vacating the award. Stated in other terms, construing the [California Arbitration Act (§§ 1280–1294.2)] in light of the Legislature's intent that employees be

5

able to enforce their right to be free of unlawful discrimination under FEHA, an arbitrator whose legal error has barred an employee subject to a mandatory arbitration agreement from obtaining a hearing on the merits of a claim based on such right has exceeded his or her powers within the meaning of Code of Civil Procedure section 1286.2, subdivision (a)(4), and the arbitrator's award may properly be vacated." (*Pearson Dental Supplies*, at p. 680.)

Under *Pearson Dental Supplies*, we review the arbitrator's decision for errors of law.[2]

## B.    Review of the Arbitrator's Decision

Plaintiff's three FEHA claims had to be filed within one year after her receipt of the right-to-sue letter. (See Gov. Code, § 12965, subd. (d)(2).) Plaintiff received her right-to-sue letter on February 13, 2010. Thus, she had until February 14, 2011, to file a demand to arbitrate the FEHA claims. (See Code Civ. Proc., §§ 10, 12, 12a.) Instead, she filed her superior court lawsuit on February 14, 2011, the last possible day.

The parties agree that plaintiff's two common law claims were subject to a two-year statute of limitations. (See § 339, subd. 1.) Those claims accrued on February 19, 2009—the day plaintiff was told she had been discharged. Thus, she had until February 19, 2011, to file a demand to arbitrate the common law claims. Instead, as noted, she filed her superior court lawsuit on February 14, 2011—five days before the statute of limitations had run.

Because plaintiff initially filed her civil lawsuit instead of a demand to arbitrate with the AAA, and because the Agreement provided a deadline for the filing of claims, section 1281.12 governs whether plaintiff's claims were timely filed. Section 1281.12

---

[2] *Pearson Dental Supplies* addressed the standard of review when an arbitrator does not reach the merits of a claim involving an unwaivable *statutory* right. Here, plaintiff alleged not only FEHA claims but also two *common law* claims. Even so, neither party has treated the common law claims differently than the FEHA claims for purposes of judicial review. We therefore make no distinction.

provides: "If an arbitration agreement requires that arbitration of a controversy be demanded or initiated by a party to the arbitration agreement within a period of time, the commencement of a civil action by that party based upon that controversy, within that period of time, shall *toll* the applicable time limitations contained in the arbitration agreement with respect to that controversy, from the date the civil action is commenced *until 30 days after a final determination by the court that the party is required to arbitrate the controversy*, or 30 days after the final termination of the civil action that was commenced and initiated the tolling, whichever date occurs first." (Italics added.)

As explained in *Pearson Dental Supplies*, *supra*, 48 Cal.4th 665, "we begin with the meaning of 'tolling.' To 'toll' has been defined most pertinently as 'to stop the running of; abate <toll the limitations period>.' . . . When it comes to the tolling of a statute of limitations, we have stated: 'Tolling may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available when the clock is restarted, that is, when the tolling period has ended.'" (*Id*. at p. 674, citation omitted.)

Under the FEHA, plaintiff's statutory claims were filed in the trial court on the last possible day (February 14, 2011)—one year after receipt of the right-to-sue letter, plus one additional day because the limitations period expired on a Sunday. (See Gov. Code, § 12965, subd. (d)(2); Code Civ. Proc., §§ 10, 12, 12a.) On May 17, 2011, the trial court granted defendant's petition to compel arbitration. At that time, the statute of limitations did not begin to run again for the simple reason that it had already expired. Nevertheless, under Code of Civil Procedure section 1281.12, plaintiff had 30 days after May 17, 2011—up to and including June 16, 2011—to file a demand for arbitration with the AAA. Because plaintiff did not file a demand until August 11, 2011, her FEHA claims are time-barred.

As for plaintiff's common law claims, she filed her complaint five days before the statute of limitations had expired. Those five days were tolled under section 1281.12 until the trial court granted the petition to compel arbitration on May 17, 2011. On that date, the statute of limitations began to run again, extending the

7

time to file a demand for arbitration by (1) the five days remaining on the statute of limitation and (2) the additional 30 days under section 1281.12. (See *Pearson Dental Supplies*, *supra*, 48 Cal.4th at p. 675.) Plaintiff had until June 21, 2011, to file a demand to arbitrate her common law claims. Consequently, her August 11, 2011 demand was untimely.

In sum, the arbitrator did not make a legal error in sustaining defendant's demurrer and concluding that plaintiff's claims were barred by the statutes of limitations.

Plaintiff makes several arguments to the contrary. We conclude they are without merit. First, plaintiff contends that she "effectively demanded arbitration" by way of (1) *defendant's* petition to compel arbitration, (2) her declaration of non-opposition to the petition, or (3) the trial court's order granting defendant's petition. However, the AAA rules, incorporated by reference in the Agreement, required that plaintiff *file* a written demand *with the AAA* to initiate arbitration unilaterally. Plaintiff filed only one demand for arbitration with the AAA—on August 11, 2011—and that demand was untimely.

Second, plaintiff emphasizes that, under section 1281.12, the 30-day period does not begin to run until the trial court makes a "final" determination that the parties are required to arbitrate their disputes. According to plaintiff, the trial court's May 17, 2011 order granting defendant's petition to compel arbitration was not "final" until the time for appeal—60 days—had expired. (See Cal. Rules of Court, rule 8.104(a).) However, an order compelling arbitration is not appealable. (See Code Civ. Proc., § 1294; *Abramson v. Juniper Networks, Inc*. (2004) 115 Cal.App.4th 638, 648.) Thus, the order was final when issued.

Third, plaintiff's counsel states that he "diligently" attempted to initiate arbitration by having his secretary call defendant's attorney five times from May 2011 through July 2011. Each time, the secretary left a voicemail message. Plaintiff did not provide any record references to support those statements. As a result, plaintiff has forfeited the point. (See *Grant-Burton v. Covenant Care, Inc*. (2002) 99 Cal.App.4th

8

1361, 1379; *Warren-Guthrie v. Health Net* (2000) 84 Cal.App.4th 804, 808, fn. 4, disapproved on another ground in *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 393, fn. 8; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.)

Fourth, plaintiff contends that defendant was equitably estopped from invoking the statutes of limitations. "[T]he doctrine of equitable estoppel may be invoked only when the party to be estopped is apprised of the facts and intends that his or her conduct will be acted upon, and the other party is ignorant of the true facts and relies upon the conduct to his or her detriment." (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 794.) "'To give rise to equitable estoppel, the promisee's reliance must be reasonable.'" (*Barnes, Crosby, Fitzgerald & Zeman, LLP v. Ringler* (2012) 212 Cal.App.4th 172, 182.) Plaintiff argues that equitable estoppel applies because defendant's attorney did not respond to the voicemail messages left by plaintiff's counsel's secretary. Essentially, plaintiff faults defendant for not agreeing to a joint request for arbitration.

Plaintiff's estoppel argument fails for three reasons. First, it relies on telephone calls for which—as previously mentioned—there are no record references. (See *Grant-Burton v. Covenant Care, Inc*., *supra*, 99 Cal.App.4th at p. 1379; *Warren-Guthrie v. Health Net*, *supra*, 84 Cal.App.4th at p. 808, fn. 4; *Guthrey v. State of California*, *supra*, 63 Cal.App.4th at p. 1115.) Second, the pertinent alleged facts—the failure of defendant's attorney to return five telephone calls—were known by both parties; plaintiff was not ignorant of the facts. Last, plaintiff could not have reasonably relied on defendant's silence as an indication that defendant was willing to make a joint request for arbitration. If anything, the lack of a response should have put plaintiff on notice that a joint request was unlikely and that plaintiff should have filed a timely demand for arbitration.

Fifth, plaintiff asserts that defendant could not demur to plaintiff's claims in the arbitration because the Code of Civil Procedure does not authorize an arbitrator to rule on a demurrer. This assertion overlooks AAA rule 27, incorporated by reference in the

9

Agreement, which states: "The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case." (AAA, Employment Arbitration Rules and Mediation Procedures (Nov. 1, 2009) rule 27 <http://www.adr.org/aaa/faces/rules/ searchrules> [as of December 19, 2013].) In short, rule 27 authorized the arbitrator to rule on defendant's demurrer.

Finally, plaintiff relies on the principle that state and federal law reflect a strong policy favoring arbitration. (See, e.g., *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195.) However, there is no policy that favors the arbitration of stale claims. The statutes of limitations are not restricted to civil actions. They also apply in arbitration proceedings. (See *Pearson Dental Supplies*, *supra*, 48 Cal.4th at pp. 673–675.) Were it otherwise, there would be no need for section 1281.12, which tolls the running of the statutes of limitations on an arbitration claim while a civil action is pending.

Accordingly, the trial court properly denied plaintiff's motion to vacate the arbitration decision.

## III

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

MILLER, J.*

We concur:

CHANEY, Acting P. J.

JOHNSON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.