Filed 3/20/15  Singleton v. Amazon.com CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| STANLEY E. SINGLETON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>AMAZON.COM et al.,<br><br>    Defendants and Respondents. | D066091<br><br><br>(Super. Ct. No. 37-2013-00041646-<br> CU-CO-CTL) |

APPEAL from an order and judgment of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Affirmed.

Stanley E. Singleton, in pro. per., for Plaintiff and Appellant.

Stoel Rives, J. Will Eidson and Jonathan A. Miles for Defendants and Respondents.

Plaintiff and appellant Stanley E. Singleton sued defendants and respondents Amazon.com and Evan James (Amazon), on theories of breach of contract and fraudulent misrepresentation, regarding their disputes over the Amazon Services Business Solutions Agreement (the "Agreement") that Singleton had signed to enable him to sell

merchandise on Amazon's website. This action was stayed while arbitration proceeded under an arbitration clause in the Agreement. (Code Civ. Proc., § 1286 et seq.; all further statutory references are to the Code of Civil Procedure unless otherwise noted.) The arbitrator ruled for Amazon.

This is Singleton's appeal from a trial court order denying his petition to vacate the arbitration award (the award) and granting Amazon's cross-petition to confirm it, and from the judgment of dismissal. Singleton contends the trial court failed to recognize that the award should be vacated because the underlying Agreement was void due to a fraudulent provision, and thus the award was procured through corruption. (§ 1286.2, subd. (a)(1).) He also argues the arbitrator prejudicially refused to hear evidence material to the controversy, such as his claims about lack of adequate notice before termination of his account or entitlement to punitive damages. (§ 1286.2, subds. (a)(3), (a)(5).)

In response, Amazon argues the trial court correctly denied the petition to vacate, because none of the grounds to vacate an award, as listed in section 1286.2 et seq., exists in this case. Amazon contends the trial court properly confirmed the award, because Singleton's objections to its conclusions on fraudulent misrepresentation, or the manner in which the hearing was conducted, had no basis in fact or law. The record supports Amazon's claims and the judgment of dismissal of Singleton's action, with prejudice, is affirmed.

# I

## *BACKGROUND FACTS*

### A. Arbitration

Singleton, as "Stan's Big Savings," agreed with Amazon to sell his goods online. Paragraph 3 of the Agreement allowed either the seller or Amazon to terminate or suspend the Agreement immediately by giving notice, for any reason at any time. Under paragraph 18 of the Agreement, the parties agreed to submit any disputes about the Agreement to arbitration.

Paragraph 18 of the Agreement incorporates the provisions of Amazon's "Service Terms and the applicable Program Policies," as a subagreement. Those terms include criteria for seller performance measurement and targets for performance, and a performance review and notification process. The policy states that "in most cases, we contact sellers with poor performance to ask for measurable improvements within 60 days of the first warning. Occasionally, we remove the selling privileges of accounts with very poor performance immediately."

After Singleton failed to meet its performance standards, Amazon terminated his seller account. Singleton attempted to initiate contractual arbitration but the Agreement contained the wrong address (outdated) for such a request to its agent, and his letter was returned. Singleton complained to the Better Business Bureau, which investigated. Additional defendant Evan James represented Amazon in that matter. About two weeks later, Singleton was provided with the correct address to contact Amazon's agent, and he decided to file his complaint for fraud and breach of contract.

3

Amazon and James successfully petitioned the trial court to have the matter sent to arbitration. Counsel for Amazon provided the trial court with a declaration stating that it had nevertheless received Singleton's letter sent to the erroneous address.

At the arbitration hearing on February 5, 2014, Amazon, represented by counsel, sought a declaration that it had terminated Singleton's seller account consistent with the terms of the Agreement. Representing himself, Singleton presented evidence and argument about his four counterclaims for breach of contract (lost profits) and misrepresentation, such as claiming Amazon did not provide him proper notice before cancelling his account. He defended against Amazon's claims.

The arbitrator rendered his award on February 19, 2014. He ruled that Amazon had properly terminated Singleton's seller's account because of his high order default rate and numerous buyer complaints. Singleton's counterclaims were denied, but were not found to be frivolous, only misguided. The arbitrator's award charged all fees and costs to Amazon.

## B. Petitions

In the pending action in the trial court, Singleton sought to have the arbitration award vacated under section 1286.2, on the ground that it had been procured by corruption (false address for claims provided in the Agreement). (§ 1286.2, subd. (a)(1).) He also argued misconduct by the arbitrator had substantially prejudiced him, when the arbitrator refused to hear evidence material to the controversy. (§ 1286.2, subds. (a)(3), (a)(5).)

4

In Singleton's declaration in support of his petition to vacate, he claimed he was "denied [his] right to present punitive damages against the defendants" for his misrepresentation claim, and that he was "denied [his] right to present evidence that defendant failed to provide [him] notice before they terminated [his] seller account." Singleton argued the arbitrator did not fairly consider his case because, "On information and belief all the arbitrator wanted to do was hurry up so that he could go on his vacation. [¶] He mentioned it several times about his vacation, with his wife. [¶] On information and belief too me his mine [sic] was not in the case [sic] before him but on his vacation." Singleton's declaration lodged supporting exhibits.

In response, Amazon moved to confirm the award. Its opposing declarations explained what had occurred at the arbitration, including testimony being presented by Singleton about his alleged damages, including but not limited to a punitive damages claim. As shown in the award, Singleton told the arbitrator about the incorrect address in the Agreement and claimed that Amazon did not provide him adequate notice before it terminated his seller account.

The court denied Singleton's motion to vacate, ruling that Singleton (1) "failed to present sufficient evidence" to show that any of the reasons argued for vacating the award existed, and (2) failed to rebut the evidence supplied by Amazon that he was allowed at arbitration to argue he was not given proper notice of his termination, and that he sustained different kinds of damages. Further, the court denied Singleton's contention that the arbitration was corrupt, as "conclusory" and "unsupported by any facts." The

5

court expressly ruled, the fact "that the arbitrator mentioned his vacation plans during the proceedings was not a proper basis for vacating the award."

Accordingly, the award was deemed to resolve the action in its entirety and was confirmed, and judgment of dismissal entered for Amazon. (§§ 1286, 1287.4.) Singleton appeals.

II

*STANDARD OF REVIEW*

On review of the trial court's judgment confirming the arbitration award, we apply the standards of section 1286, requiring " 'the court shall confirm the award as made . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding.' " (*Ikerd v. Warren T. Merrill & Sons* (1992) 9 Cal.App.4th 1833, 1841.) "Our review of an arbitration award requires us to extend to it every intendment of validity and the party claiming error has the burden of supporting his contention." (*Ibid*., citing *Cobler v. Stanley, Barber, Southard, Brown & Associates* (1990) 217 Cal.App.3d 518, 526; *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 157 (*Evans*).)

As explained in *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665, 676, " 'It is well settled that "arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision." [Citations.] A contrary holding would permit the exception to swallow the rule of limited judicial review; a litigant could always contend the arbitrator erred and thus exceeded his powers.' " (*Ibid.*) However, there are " 'some limited and exceptional circumstances justifying judicial review of an

6

arbitrator's decision' such as when 'granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights.' " (*Ibid.*) In that case, the high court answered questions about "the proper standard of judicial review of arbitration awards arising from mandatory-arbitration employment agreements that arbitrate claims asserting the employee's unwaivable statutory rights." (*Id.* at p. 679.)

Singleton argues that the rationale of *Pearson Dental Supplies v. Superior Court*, *supra*, 48 Cal.4th 665, should apply here. However, this is not a case of "an employee subject to a mandatory employment-arbitration agreement [who] is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other unwaivable statutory rights, because of an arbitration award based on legal error." (*Id.* at p. 680.) Instead, we are reviewing the trial court's ruling after arbitration on an ordinary commercial contract.

" 'In determining whether an arbitrator exceeded his powers, we review the trial court's decision de novo, but we must give substantial deference to the arbitrator's own assessment of his contractual authority.' " (*Kelly Sutherlin McLeod Architecture, Inc. v. Schneickert* (2011) 194 Cal.App.4th 519, 528; *Evans, supra,* 134 Cal.App.4th 151, 157.) We examine the terms of the Agreement and its interpretation by the arbitrator, including the subagreement incorporated into the Agreement, and the trial court's application of these legal standards. We thus review the trial court's order (not the arbitration award) under a de novo standard, giving it every intendment of validity. (*Malek v. Blue Cross of California* (2004) 121 Cal.App.4th 44, 55-56.)

7

### III

*ISSUES PRESENTED; ANALYSIS*

A.  Fraud

We understand Singleton's first claim as asserting that he has statutory rights to be free from contractual fraud, and thus that the trial court should have vacated the award. (§ 1286.2, subds. (a)(1)-(6).)  Singleton cites to Civil Code section 1607, which states, "The consideration of a contract must be lawful within the meaning of Section 1667."  Civil Code section 1667 explains, "That is not lawful which is:  [¶] 1.  Contrary to an express provision of law; [¶] 2.  Contrary to the policy of express law, though not expressly prohibited; or, [¶] 3.  Otherwise contrary to good morals."  In the trial court, he raised the applicability of Civil Code section 1608, to the effect that illegality of consideration for the object of a contract will render the entire contract void.

Singleton thus objects to the merits of the arbitrator's decision to deny his fraudulent misrepresentation claim, which was based upon his argument that the underlying Agreement was void due to fraudulent provisions (incorrect address).  To the extent that Singleton argues the arbitrator erroneously denied his fraud claim (when reasoning that arbitration had gone forward anyway), we do not reach the merits of such an argument.  "Arbitrators do not ordinarily exceed their contractually created powers simply by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not be vacated because of such error, for ' "[t]he arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement." ' "  (*Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179, 1184.)

8

B. Adequacy of Hearing

Singleton's next claim appears to be that the arbitrator made legal errors that barred him from obtaining a full hearing on the merits of his claims, i.e., the punitive damages requests or the failure of Amazon to provide adequate notice before termination of his account, within the terms of the subagreement incorporated into the main Agreement.

Absent proof of one of the statutory grounds for vacating an arbitration award, " '. . . a court may not vacate an award, even if the arbitrator commits legal or factual errors which appear on the face of the award and which cause substantial injustice.' " (*Roitz v. Coldwell Banker Residential Brokerage Co.* (1998) 62 Cal.App.4th 716, 722.) Singleton claims the award was invalid because the arbitrator did not allow him to present his entire case, instead somehow rushing through the procedures in anticipation of his vacation.

To prevail on such a claim, Singleton had to supply proof that his rights were "substantially prejudiced" by the arbitrator's conduct, and that he supplied "*sufficient cause*" that should have caused the arbitrator to hear more material evidence, thus extending the hearing. (§ 1286.2, subds. (a)(3), (a)(5).) Singleton would have to demonstrate to the trial court that " '. . . the record reveals facts which might create an impression of possible bias in the eyes of the hypothetical, reasonable person.' " (*Roitz v. Coldwell Banker Residential Brokerage Co., supra*, 62 Cal.App.4th 716, 723.)

Here, however, the trial court concluded in light of the material contained in the moving and opposing papers that Singleton had failed to present any sufficient evidence

to support his generalized claims that the award should be vacated. Singleton had not rebutted the evidence supplied by Amazon that he was allowed, during arbitration, to argue about a lack of proper notice of this termination, and to present his claims about different kinds of damages. The trial court was aware that Singleton was claiming that the arbitration was corrupt, but found those claims to be "conclusory" and "unsupported by any facts." The court did not find that Singleton's emphasis on the mention by the arbitrator of his vacation plans was justified or amounted to a proper basis for vacating the award. The record fully supports those conclusions, and the trial court correctly determined that the statutory requirements for vacating the award under section 1286.2, subdivisions (a)(1) through (a)(5) were not met. The trial court did not err in confirming the arbitration award, and we affirm. (§§ 1286, 1287.4.)

## DISPOSITION

The order and judgment of dismissal are affirmed. Each party to pay its own costs on appeal.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

10