Filed 10/9/25  Dhawan v. Saman CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RAHUL DHAWAN,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ALBERT SAMAN,<br><br>　　　Defendant and Appellant. | B344291<br><br>(Los Angeles County<br>Super. Ct. No.<br>24SMCP00513) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Elaine W. Mandel, Judge.  Affirmed.

　　　Roger Lowenstein, for Defendant and Appellant.

　　　Law Offices of Fredrick H. Stern and Fredrick H. Stern, for Plaintiff and Respondent.

—————————————

Appellant Albert Saman (Buyer) appeals a trial court judgment confirming an arbitration award in favor of respondent Rahul Dawhan (Seller) where Buyer alleged claims for intentional and negligent misrepresentation and recission against Seller in connection with the sale of a condominium unit, and the arbitrator found Buyer had not proven liability. Buyer contends the trial court erred when it denied his motion to vacate the arbitration award. Buyer argues that because the arbitrator's decision estopped his efforts to enforce a statutory right to rescind the purchase agreement, the trial court should have vacated the arbitration award under Code of Civil Procedure section 1286.2, subdivision (a)(4) and *Pearson Dental Supplies, Inc. v. Superior Court* (2010) 48 Cal.4th 665 (*Pearson*). We reject Buyer's argument that *Pearson* is applicable when a buyer seeks to rescind a real estate purchase agreement, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Much of Buyer's opening brief focuses on the underlying real estate transaction and the evidence, but our summary here focuses on the information relevant to Buyer's key legal argument on appeal. We also disregard any factual assertions or arguments that are unsupported by proper record citations. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 248; *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5.)

2

## A. Overview

More than two years after purchasing a condominium unit, Buyer initiated arbitration against Seller, alleging that Seller had failed to disclose construction defects in the condominium building.  Buyer sought recission of the purchase agreement, along with associated damages.  Buyer later filed an amended statement of arbitration claims, adding allegations that he sold the unit to mitigate damages, and the "arbitration thus becomes amended to allege money damages alone," specifying categories of monetary damages.  After a bifurcated hearing on liability only, the arbitrator found in favor of Seller, and later issued a final award granting Seller attorney fees and costs.  Buyer appeals from the judgment entered after the trial court granted Seller's petition to confirm the arbitration award and denied Buyer's petition to vacate the award.

## B. The Unit

Seller initially purchased the unit in 2016, and sold it to Buyer in 2020.  Seller's disclosure documents make no mention of any construction defects.  Buyer moved into the unit in July 2020, and began to hear "popping" noises on many occasions in and after July 2020.  Buyer obtained from the homeowner's association (HOA) a 2019 report that attributed similar popping sounds (experienced by other building occupants) to possible problems with the building's window construction.

## C.     The Arbitration Proceedings

### 1. *Original claim*

Buyer's original statement of claim alleged that Seller was aware of the problems with the unit, and that "failure to disclose these items that materially affected the value of Unit 102 constitutes fraud, concealment, deceit, misrepresentation (both intentional and negligent)."

The allegations included an excerpt from Civil Code section 1689,[1] and further alleged that recission "is permitted regardless of the extent of [Seller's] fault, so long as the consent of [Buyer] was based on his own material mistake of fact, whether fraudulently induced, negligently induced, or simply an innocent mistake."  The claim allegation continued:  "Rescission occurs at the initiation of [Buyer].  This arbitration will confirm the appropriateness of [Buyer's] decision to rescind.  [¶]  Damages: Rescission is an equitable remedy, designed to place the [Buyer] in the *status quo ante* to the greatest extent possible.  Therefore the damages include the disaffirmance of the contract, the return to [Buyer] of all consideration, the relinquishment to [Seller] of possession of the property, and such ancillary damages such as

---

[1] The language quoted in the claim provides that a party to a contract may rescind the contract "[i]f the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party."  (Civ. Code, § 1689, subd. (b)(1).)

moving costs, costs of tenant improvements made before discovery of the issues justifying rescission, fees and commissions related to the sale of [the unit], and attorney[] fees as required by the original contract."

## 2. *Amended claim*

Buyer's amended claim contained mostly the same allegations with some minor changes, and also added the following allegation regarding Buyer's recission claim: "[Buyer] has an obligation to mitigate damages. In order to do so, he sought to sell [the unit]. [Seller] has declined to purchase the property back from [Buyer]; therefore the unit was listed through the MLS [multiple listing service]. After sales fell through due to the impact of accurate disclosures, [Buyer] has recently succeeded in selling at a substantially reduced price. As expected, because of his disclosure of the construction defects and HOA litigation against the developer, the popping noises and this arbitration, the sale price was dramatically lower than the original purchase price ($790,000 as opposed to $855,000). This arbitration thus becomes amended to allege money damages alone . . ."

## 3. *Interim award*

The arbitrator's interim award stated that the trial had been bifurcated by stipulation to address liability only. According to the award, Buyer's amended claim alleged intentional and/or negligent failure to disclose defective conditions of property. After summarizing the evidence and witness testimony presented

5

by Buyer and Seller, the arbitrator determined that Buyer had not proven that Seller was aware of and failed to disclose the condition of the unit.

### 4. *Final award, including award of attorney fees*

The arbitrator issued a final award in September 2024, granting Seller $94,602.15 in attorney fees and costs. The arbitrator also noted Buyer's request, following the interim award, for the arbitrator to specifically address Buyer's recission and related claims. Seller responded that it had no objection to arbitrator amending and supplementing the award to reflect the fact that Buyer's arguments were considered and rejected. In that context, the arbitrator clarified that the equitable remedy of recission was unavailable, both because Buyer had sold the unit to a third party, making the remedy impracticable and impossible, and because language in the amended claim stating "[t]his arbitration thus becomes amended to allege money damages alone," put Seller on notice that Buyer would pursue only legal damages as a remedy. The arbitrator also found that there was no credible evidence to support a finding of mutual mistake of fact, negligent misrepresentation, or fraud.

## D. Trial Court Proceedings

In December 2024, the trial court granted Seller's petition to confirm the arbitration award and denied Buyer's petition to vacate or alter the arbitration award. The appellate record does not contain either petition, but the court's order summarizes Buyer's argument that by failing to address the recission

6

argument, the arbitrator exceeded his authority as described in Code of Civil Procedure section 1286.2, subdivision (a)(4). The trial court concluded that there was no basis to vacate the arbitrator's final award because the arbitrator found Buyer had withdrawn his recission claim and there was no mistake of fact to support recission.

Buyer filed a timely appeal from the judgment.

## DISCUSSION

Buyer acknowledges the general rule of judicial deference to an arbitrator's decision, but contends that under *Pearson, supra*, 48 Cal.4th 665, he is entitled to judicial review because the arbitrator erroneously estopped him from pursuing his statutory claim for recission. We disagree with Buyer's argument that any of the statutory provisions permitting judicial review of an arbitration award apply here. (§ 1286.2, subd. (a).)

### A.     Legal Principles

"The legal standards governing judicial review of arbitration awards are well established. 'California law favors alternative dispute resolution as a viable means of resolving legal conflicts. "Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration." (*Moncharsh* [*v. Heily & Blase* (1992) 3 Cal.4th 1, 10 (*Moncharsh*)].) Generally, courts cannot review arbitration awards for errors of fact or law, even when those errors appear on the face of the award or cause substantial

7

injustice to the parties. (*Id.* at pp. 6, 28.)' " (*Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 763.)

We apply a de novo standard of review to the trial court's order denying a motion to vacate an arbitration award. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9 (*AMD*); *Ortiz v. Elmcrest Care Center, LLC* (2024) 106 Cal.App.5th 594, 608.) In reviewing the trial court's decision, we keep in mind that the trial court's role in evaluating the arbitrator's decision is necessarily limited. "The principle of arbitral finality, the practical demands of deciding on an appropriate remedy . . . , and the prior holdings of [the California Supreme Court] all dictate that arbitrators, unless expressly restricted by the agreement or the submission to arbitration, have substantial discretion to determine the scope of their contractual authority to fashion remedies, and that judicial review of their awards must be correspondingly narrow and deferential." (*AMD,* at p. 376.)

The only grounds for judicially vacating an arbitration award are set by statute. (*Moncharsh, supra*, 3 Cal.4th at p. 10.) The exceptions to the general limits on judicial review of arbitration awards identified at section 1286.2, subdivision (a), are for extreme circumstances to "protect against error that is so egregious as to constitute misconduct or so profound as to render the process unfair. The Legislature has authorized 'judicial review in circumstances involving *serious problems* with the award itself, or with the fairness of the arbitration process.' (*Moncharsh, supra*, 3 Cal.4th at p. 12, italics added.) ' "The statutory provisions for [review of an arbitration award] are manifestly for the sole purpose of preventing the misuse of the proceeding, where corruption, fraud, misconduct, gross error, or mistake has been carried into the award to the substantial prejudice of a party to the proceeding." ' [Citation.]"

8

(*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 368, fn. omitted.) An arbitrator's erroneous factual determinations or legal conclusions do not establish grounds to vacate the award. (*Id.* at p. 367.)

As relevant here, a trial court must grant a motion to vacate an arbitration award upon determining that the arbitrator exceeded his powers and the award cannot be corrected without affecting the merits of the decision. (§ 1286.2, subd. (a)(4).)[2] The California Supreme Court explained in *Moncharsh*, and reiterated in *Pearson*, "It is well settled that 'arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision.' " (*Moncharsh, supra*, 3 Cal.4th at p. 28; *Pearson, supra*, 48 Cal.4th at p. 676.) However, the court in *Moncharsh* "recognized 'that there may be some limited and exceptional circumstances justifying judicial review of an arbitrator's decision' such as when 'granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights.' (*Moncharsh, supra*, 3 Cal.4th at p. 32.) Because the issue did not arise in that case, the *Moncharsh* court had no occasion to develop this exception." (*Pearson, supra*, 48 Cal.4th at p. 676.)

In *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*), the California Supreme Court

---

[2] To the extent Buyer's argues that other provisions of the statute, such as section 1286.2, subdivisions (a)(3) or (a)(5), might provide grounds to vacate the award, Buyer does not contend that such arguments were presented to the trial court, and so we do not consider them here. (*Vascos Excavation Group LLC v. Gold* (2022) 87 Cal.App.5th 842, 856–857 [party forfeited argument by failing to raise it in the trial court].)

examined whether an employee's claim of sex discrimination under the Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.) was subject to arbitration under a "mandatory employment arbitration agreement, i.e., an agreement by an employee to arbitrate wrongful termination or employment discrimination claims rather than filing suit in court, which an employer imposes on a prospective or current employee as a condition of employment." (*Armendariz,* at pp. 90–92.) Reasoning that "arbitration agreements that encompass *unwaivable* statutory rights must be subject to particular scrutiny," and that there was "no question that the statutory rights established by the FEHA are 'for a public reason,' " the *Armendariz* court found it "indisputable that an employment contract that required employees to waive their rights under the FEHA to redress sexual harassment or discrimination would be contrary to public policy and unlawful." (*Id.* at pp. 100–101.) The high court then articulated four minimal requirements for arbitration of FEHA claims: "(1) the arbitration agreement may not limit the damages normally available under the statute (*Armendariz, supra,* 24 Cal.4th at p. 103); (2) there must be discovery 'sufficient to adequately arbitrate their statutory claim' (*id.* at p. 106); (3) there must be a written arbitration decision and judicial review ' "sufficient to ensure the arbitrators comply with the requirements of the statute" ' (*ibid.*); and (4) the employer must 'pay all types of costs that are unique to arbitration' (*id.* at p. 113)." (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1076–1077.)

Beyond requiring that "an arbitrator in an FEHA case must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based," the *Armendariz* court did not articulate what standard of judicial review would be adequate to ensure compliance with FEHA, in part because there was not yet an arbitration award to consider.

(*Armendariz, supra*, 24 Cal.4th at p. 107 [absent a petition to confirm an arbitration award, the court lacked occasion to precisely articulate the applicable standard of judicial review].)

Finally, in *Pearson, supra*, 48 Cal.4th 665, the high court considered the "proper standard of judicial review of arbitration awards arising from mandatory arbitration employment agreements that arbitrate claims asserting the employee's unwaivable statutory rights." (*Id*. at p. 679.) In the underlying arbitration, the arbitrator had decided in favor of the employer and against the employee on the employee's claim of discrimination, and the employee had challenged the arbitrator's decision as violating FEHA's statutory protections. (*Id*. at pp. 669–670.) The holding in *Pearson* is limited to the facts of the case and is quite narrow. The court held that when "an employee subject to a mandatory employment arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other unwaivable statutory rights, because of an arbitration award based on legal error, the trial court does not err in vacating the award. Stated in other terms, construing the [California Arbitration Act] in light of the Legislature's intent that employees be able to enforce their right to be free of unlawful discrimination under FEHA, an arbitrator whose legal error has barred an employee subject to a mandatory arbitration agreement from obtaining a hearing on the merits of a claim based on such right has exceeded his or her powers within the meaning of Code of Civil Procedure section 1286.2, subdivision (a)(4), and the arbitrator's award may properly be vacated. (See *Armendariz, supra*, 24 Cal.4th at pp. 106–107.)" (*Pearson, supra*, 48 Cal.4th at p. 680.) The *Pearson* court expressly refrained from considering whether, as argued by plaintiffs and amicus curiae in that case, all legal errors or all errors involving the arbitration statute are reviewable. Instead, the court explained, the

11

arbitrator's "clear legal error" was to misconstrue the procedural framework under which the parties agreed the arbitration was to be conducted, rather than misinterpreting the law governing the underlying claim. (*Pearson, supra*, 48 Cal.4th at pp. 679–680.) The Court's explanation continued: "It is difficult to imagine a more paradigmatic example of when 'granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights' (*Moncharsh, supra*, 3 Cal.4th at p. 32) than the present case, in which, as a result of allowing the procedural error to stand, and through no fault of the employee or his attorney, the employee will be unable to receive a hearing on the merits of his FEHA claims *in any forum*." (*Pearson, supra*, 48 Cal.4th at p. 680.)

## B.    Analysis

Buyer argues that the arbitrator's decision deprived him of a statutory right to recission, and that under *Pearson*, the trial court was required to vacate the arbitration award because of the estoppel effect of the arbitrator's rulings. But *Pearson* was a narrow ruling focused on an employee's ability to enforce unwaivable statutory rights under FEHA that promote public policy and articulate standards and protections available to all employees. (*Pearson, supra*, 48 Cal.4th at p. 677 [enforcement of statutory rights under FEHA "was for the public benefit and was not waivable"], *Armendariz, supra*, 24 Cal.4th at pp. 100–101 ["arbitration agreements that encompass *unwaivable* statutory rights must be subject to particular scrutiny"].) The other two cases Buyer cites in his argument also involve efforts by employees to enforce their rights under FEHA. (*Castelo v. Xceed Financial Credit Union* (2023) 91 Cal.App.5th 777 [no error in

12

denying employee's motion to vacate because arbitrator did not commit clear legal error in enforcing release of future employment discrimination claims]; *Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 913 [in rejecting employee's wrongful termination claims, any arbitrator error "did not deprive the employee of an unwaivable statutory right" because arbitrator found valid grounds for employee's termination].)

We are unpersuaded that the reasoning and holding of *Pearson* is broad enough to apply to the facts of this case, which does not involve an employee seeking to enforce unwaivable statutory rights under FEHA, but rather a buyer in a real estate transaction seeking to rescind the purchase agreement. Although Buyer does identify a statute underpinning his recission claim, Civil Code section 1689, he cites to no relevant legal authority to support his implicit argument that the right to recission is an unwaivable statutory right similar to the rights of employees protected under FEHA. In fact, ironically, the case Buyer quotes from extensively in his opening brief to support his argument that "[t]he subtext here is the public policy of guaranteeing a victim access to justice[]" involves a plaintiff pursuing a claim under FEHA, not a recission claim. (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 810–811.)

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to plaintiff and respondent Rahul Dhawan.

NOT TO BE PUBLISHED.


                                        MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KUMAR, J.*

---

* Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14